Filed
2/5/2015 2:29:30 PM
Esther Degollado
District Clerk
Webb District
2015CVT000449D3

CAUSE NO. _____

| | | |
|---|---|---|
| ELIZABETH FRET, | § | IN THE DISTRICT COURT |
| **PLAINTIFF** | § | |
| | § | |
| V. | § | ___TH JUDICIAL DISTRICT |
| | § | |
| MELTON TRUCK LINES, INC., | § | |
| DARRELL EDMOND, | § | WEBB COUNTY, TEXAS |
| **DEFENDANTS** | § | |

---

### PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, REQUEST FOR DISCLOSURES AND JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Elizabeth Fret, hereinafter called Plaintiff, and complains of the Melton Truck Lines, Inc. and Darrell Edmond, hereinafter called Defendants, and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff is an individual residing in Bexar County, Texas.

3.    At all times material herein, Defendant Melton Truck Lines, Inc. ("Melton Truck Lines") was a corporation doing business within the State of Texas and has designated and/or maintained a resident agent for service of process within the State of Texas. The registered agent for Melton Truck Lines is Patricia Gonzales and she can be served at 8618 Las Cruces, Laredo, Webb County, Texas 78045.



EXHIBIT
A

4.     Defendant Darrell Edmond is an individual residing in Grantville, Georgia and can be served at his place of residence at 104 N. Greenfield Road, Grantville GA, 30220.

### III.
### JURISDICTION & VENUE

5.     This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.  Plaintiffs further plead, to the extent necessary, that jurisdiction over any Defendant not found to be a resident and citizen of the State of Texas is still proper **pursuant** to the forum defendant rule, 28 U.S.C. § 1441(b).

6.     The Court further has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of this Court.

7.     Venue is proper in Webb County because Defendant Melton Truck Lines maintain their principal office in Laredo, Webb County.

### IV.
### FACTS

8.     On or about October 04, 2014, Plaintiff Elizabeth Fret was operating a 2006 Silver Saturn in a lawful manner in San Antonio, Bexar County, Texas when suddenly, violently, and without warning, the Plaintiff's vehicle was struck by a vehicle that was being towed by Defendant Darrell Edmond.  The collision caused the Plaintiff's vehicle to spin and jump onto the center barrier of the highway and her vehicle crashed into the end of the barrier.  At all times relevant, Defendant Edmond was operating a commercial motor vehicle while in the course and scope of employment with Defendant Melton Truck Lines and with the permission and/or consent of Defendant Melton Truck Lines.  As a result of the collision, Plaintiff sustained severe and

permanent injuries to her head, neck, back and other parts of her body, as more fully set forth below.

## V.
## CAUSES OF ACTION

9.    The collision that made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately and directly caused by the negligent conduct of the Defendants.

10.    Defendant Edmond operated the commercial vehicle in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

      a.    in driving his vehicle at a rate of speed greater than that which an ordinary person would have driven under the same or similar circumstances, in violation of Texas Transportation Code §545.351.

      b.    in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

      c.    in taking faulty evasive action;

      d.    in failing to drive defensively to avoid a collision;

      e.    in failing to make safe decisions while driving;

      f.    in failing to blow his horn to warn of imminent collision;

      g.    in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code §545.401.

11.    Defendant Edmond's actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

12.    Defendant Melton Truck Lines is liable under the doctrine of *respondeat superior* in that Defendant Moreno was operating the commercial vehicle while in the course and scope of

employment with Melton Truck Lines and/or with Defendant Melton Truck Lines permission and/or consent.

13.     Additionally, Defendant Melton Truck Lines was negligent in one or more of the following respects:

      a.     negligent hiring of Darrell Edmond;

      b.     negligent entrustment of Darrell Edmond;

      c.     negligent driver qualifications;

      d.     negligent training and supervision of Darrell Edmond;

      e.     negligent retention of Darrell Edmond.

14.     Plaintiff would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

15.     The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

16.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice, were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

17.     As a direct and proximate result of the collision and the negligent conduct of the Defendants', Plaintiff Elizabeth Fret suffered severe and permanent bodily injuries to her head, neck, back, and other parts of her body generally.  The injuries have had a serious effect on the Plaintiff's health and well-being.  These specific injuries and their ill effects have, in turn, caused her physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout her body in the future, if not for the balance of her natural life. The Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

18.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

    a.     Reasonable medical care and expenses in the past;

    b.     Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c.     Physical pain and suffering in the past;

    d.     Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.      Physical impairment and disability in the past;

f.      Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

g.      Lost wages in the past;

h.      Loss of wage earning capacity;

i.      Mental anguish in the past;

j.      Mental anguish which will, in all reasonable probability, be suffered in the future;

k.      Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future;

l.      total loss of the value of her vehicle.

## VII.
## INTEREST

19.    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

20.    Plaintiff demands a trial by jury.   Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

21.    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

22.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

Plaintiff Elizabeth respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiff against Defendants for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,


LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600
FAX: (361) 985-0601


BY:   _Mary Wilson_
      THOMAS J. HENRY
      STATE BAR NO. 09484210
      MARY WILSON
      STATE BAR NO. 21704570
      *email:      mwilson-svc@tjhlaw.com

      ATTORNEYS FOR PLAINTIFF


      *  service by email to this address only