UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

OCT 0 4 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| ELIZABETH FRET, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil No. SA-15-cv-00710-OLG |
| MELTON TRUCK LINES, INC. and DARRELL EDMOND, | § § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses and Motion to Strike (docket no. 79) (the "Motions"). After reviewing the Motions and for the reasons set forth below, the Court concludes that Plaintiff's Motion to Strike should be DENIED and Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses should be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This lawsuit arises from a motor vehicle collision that occurred on October 4, 2014 in San Antonio, Texas. Plaintiff Elizabeth Fret ("Plaintiff") alleges she sustained personal injuries as a result of a collision between her vehicle and a commercial vehicle operated by Defendant Darrell Edmond ("Edmond"). Docket no. 1-1 ¶ 8. Specifically, the record indicates that a trailer being towed by Edmond's truck collided with Plaintiff's vehicle as Edmond attempted to move from the outside lane to the inside lane of the freeway.[1] *See* docket no. 80-8 pp. 73-78, 85-86.

---

[1] Defendants seem to contest whether Edmond's vehicle actually collided with Plaintiff's vehicle, and Defendants note that the officer who investigated the collision was unable to reach that conclusion in part due to the lack of noticeable damage to Edmond's trailer. *See* docket no. 80 p. 12; docket no. 80-9 pp. 63-64. However, the Court notes that Edmond admitted—both

Plaintiff asserts that at the time of the collision, Edmond was operating his commercial vehicle while in the course and scope of his employment with Defendant Melton Truck Lines, Inc. ("Melton," and collectively with Edmond, the "Defendants"). *Id.* Plaintiff asserts a cause of action against Edmond for negligence. *Id.* In addition, Plaintiff asserts that Melton is liable under the doctrine of *respondeat superior*. *Id.* at ¶ 12.

Defendants' response to Plaintiff's complaint contains a section titled "Affirmative Defenses." In the section, Defendants assert the following:

1. Additionally and/or in the alternative, Defendants would respectfully show that Plaintiff's alleged injuries and damages were caused or contributed to by the acts, omissions of Plaintiff, Elizabeth Fret [sic] which were negligent . . .
2. Defendants allege that Plaintiff's claims are barred, in whole or in part, due to intervening and superseding causes over which Defendants had no control.
3. Defendants would show that Plaintiff's damages, if any, were solely caused by matters or conditions not under the control of Defendants, or by conduct of parties over whom Defendants had no control.

Docket no. 31 p. 3.

In Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses and Motion to Strike, Plaintiff asserts that Defendants' contributory negligence defense should be stricken because it was not adequately pleaded. *See* docket no. 79 ¶ 9. Alternatively, Plaintiff seeks summary judgment as to Defendants' contributory negligence defense because Plaintiff asserts that it is not supported by evidence in the record. *Id.* at ¶¶ 10-12. With respect to Defendants' other "affirmative defenses," Plaintiff asserts that they are not properly pleaded as defenses and that, in any event, they are not supported by the evidence. *See id.* at ¶¶ 13-17.

---

at the time of the collision and during his deposition—that his trailer's tire struck Plaintiff's vehicle. *See* docket no. 80-8 pp. 85-86, 88-89.

## DISCUSSION

### I. Motion to Strike Defendants' "Affirmative Defenses"

Affirmative defenses must only be pleaded to give "fair notice" to the plaintiff of the defense being advanced. *See Deaf Interpreter Services, Inc. v. Webbco Enterprises, L.L.C.*, No. SA-13-CV-867-OLG, 2014 WL 12489609, at *2 (W.D. Tex. June 30, 2014); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("The 'fair notice' pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."). Indeed, there are numerous policy and practical considerations that favor applying the "fair notice" pleading standard to affirmative defenses, as compared to the pleading standard for affirmative claims set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Deaf Interpreter Services*, 2014 WL 12489609, at *2 (describing the differences between the two standards).

Moreover, motions to strike affirmative defenses are viewed with disfavor and are infrequently granted "both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored."). Furthermore, courts typically prefer to leave potential questions of law or fact to determinations on the merits once the record is developed, unless the party moving to strike shows prejudice. *E.E.O.C. v. LHC Group Inc.*, 1:11-CV-355-LG-JMR, 2012 WL 3242168, at *1 (S.D. Miss. Aug. 7, 2018); *Solis v. Bruister*, No. 4:10–CV–77–DPJ–JKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012). As the Fifth Circuit has stated, "[t]he motion to strike should be granted only when the pleading to be stricken has no possible relation to the

3

controversy." *Augustus v. Bd. of Public Instruc. of Escambia Cty., Fl.*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Applying the above standard to the present record, Plaintiff has failed to set forth sufficient justification for striking Defendants' "affirmative defenses." With respect to Defendants' assertion of a "contributory negligence" defense, Plaintiff apparently takes issue with the fact that Defendants' responsive pleading did not include the *exact* term "contributory negligence." *See* docket no. 79 ¶ 9 (asserting that Defendants "fail[ed] to adequately plead 'contributory negligence'"). Plaintiff's argument ignores the fact that the first paragraph of Defendants' "affirmative defenses" explicitly asserts that "Plaintiff's alleged injuries and damages were caused or contributed to by the acts, omissions of Plaintiff, Elizabeth Fret [sic] which were negligent." Docket no. 31 p. 3. Such a statement clearly gives "fair notice" that Defendants intended to assert a defense related to alleged contributing negligence by Plaintiff (if any), regardless of whether the exact term was used. Thus, there is no risk that Plaintiff will suffer "unfair surprise" with respect to the defense, and there is no basis for striking paragraph 1 of Defendants' "affirmative defenses" at this stage.

The "affirmative defenses" set forth in paragraphs 2 and 3 of Defendants' responsive pleading present a slightly different question. Plaintiff points out—and Defendants concede—that neither (i) "new, independent, superseding and intervening cause" nor (ii) "acts of a third party" are *technically* "affirmative defenses." *See* docket no. 79 ¶¶ 13-16; *James v. Kloos*, 75 S.W.3d 153, 161 (Tex. App.—Ft. Worth 2002, no pet.) (stating that "new and independent cause . . . is not an affirmative defense"); *Khan v. Velsicol Chem. Corp.*, 711 S.W.2d 310, 317 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) ("[E]vidence that the act of a third party was the sole

producing cause of the injury does not present an affirmative defense."). Instead, each argument is more appropriately considered for the purposes of "inferential rebuttal," which Defendants may use to rebut Plaintiff's assertion that Defendants' actions were the proximate cause of Plaintiff's injuries. *Kloos*, 75 S.W.3d at 161 ("New and independent cause is an inferential rebuttal defense that may be submitted to the jury as an instruction . . . [and] is one element to be considered by a fact finder in determining whether proximate cause exists."); *Khan*, 711 S.W.2d at 317 (stating that an act of a third party may be used to rebut Plaintiff's causation evidence).

Notwithstanding that fact, however, the Court believes that it would be inappropriate to strike those portions of Defendants' responsive pleading. As an initial matter, this is not an instance in which the paragraphs in question clearly have "no relation to the controversy." Indeed, with respect to intervening or third-party causes of the collision, certain evidence indicates that two separate drivers *may* have been responsible for necessitating Edmond's lane change in the seconds leading up to the collision. *See* docket no. 80-8 pp. 67-68.[2] Even more importantly, the Court can find no indication that Plaintiff suffers any prejudice if the allegations in question remain in Defendants' responsive pleading. Although those allegations are not technically "affirmative defenses," paragraphs 2 and 3 of that portion of Defendants' responsive pleading serve to provide Plaintiff with *additional information* regarding Defendants' defense strategy, including Defendants' planned assertion of inferential rebuttal defenses. Thus, in light of the fact that motions to strike are generally disfavored absent prejudice to the moving party, it would be improper to strike Defendants' assertions regarding any alleged intervening or third-party causes of the collision.

Accordingly, Plaintiff's Motion to Strike will be denied.

---

[2] At his deposition, Edmond testified that he changed lanes to avoid a collision with the two "fighting" vehicles travelling at "NASCAR" speed that were trying to merge onto the freeway from an adjacent on-ramp. *See* docket no. 80-8 pp. 68, 73-76.

## II.  Motion for Summary Judgment as to Defendants' "Affirmative Defenses"

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). In making the determination of whether a genuine issue of any material fact exists, the court reviews the facts and inferences to be drawn from them in the light most favorable to the non-moving party. *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc.*, 336 F.3d 410, 412 (5th Cir. 2003).

At the summary judgment stage, the movant bears the burden of identifying those portions of the record it believes demonstrate the "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the movant satisfies its burden, the non-moving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted); *see also Lincoln Gen. Ins. Co.*, 401 F.3d at 349. A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant as to the claim or defense. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### A. Alleged "Contributory Negligence" by Plaintiff

"Contributory negligence goes to the proximate cause of the original incident." *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at *3 (N.D. Tex. Oct. 20, 2011). Under Texas law, a plaintiff asserting a claim for negligence may not recover damages if plaintiff's percentage of responsibility for causing his or her injury is

greater than 50 percent. TEX. CIV. PRAC. & REM. CODE §§ 33.001 & 33.002. It is the responsibility of the trier of fact to determine the percentage of responsibility of each plaintiff or defendant that caused or contributed to cause the plaintiff's injury, "whether by negligent act or omission . . . [or] by other conduct or activity that violates an applicable legal standard." *Id.* at § 33.003. If the plaintiff is not barred from recovery by § 33.001's fifty-percent threshold, "the court shall reduce the amount of damages to be recovered by [plaintiff] . . . by a percentage equal to the [plaintiff's] percentage of responsibility." *Id.* at § 33.012.

With respect to Defendants' assertion of contributory negligence, Plaintiff states that "there is no evidence" to support such a defense. Docket no. 79 ¶ 10. Specifically, Plaintiff asserts that "Defendants have presented no evidence that [Plaintiff's] alleged contributory negligence was a proximate cause of the injuries in the case." *See id.* at ¶ 12. In response, Defendants contend that there is evidence indicating that Plaintiff (i) ignored Edmonds' turn signal light, (ii) was speeding at the time of the incident, (iii) "oversteered to the left" such that her vehicle rotated, and (iv) failed to timely apply her brakes. *See* docket no. 80 pp. 12-14. Thus, according to Defendants, the record contains evidence such that a fact finder could conclude that Plaintiff's negligence was a proximate cause of her injuries. *See id.*

Based on the record before it, the Court believes that genuine issues of material fact exist with respect to Defendants' alleged contributory negligence defense. Although a trial *may* ultimately demonstrate that Edmond's actions were the sole cause of Plaintiff's injuries, the record also contains deposition testimony indicating that Plaintiff's actions *may* have played a role in causing her injuries. For example, certain of the deposition testimony indicates that Edmond (i) was travelling at the speed limit at the time of the collision, (ii) used his turn signal before changing lanes, (iii) checked his mirror before moving over, and (iv) moved slowly

7

between the two lanes. *See* docket no. 80-8 pp. 73-78, 85-86. Although those asserted facts are not dispositive as to any party's alleged negligence, they do potentially indicate that Plaintiff *might* have (i) been speeding to try to pass Edmond, (ii) ignored Edmond's turn signal light at the time of the collision, and/or (iii) failed to timely apply her brakes prior to the collision. Thus, viewing the present record in the light most favorable to the non-movants as the Court must, the Court cannot conclude—as a matter of law—that "no reasonable jury" could return a verdict for Defendants or reduce Plaintiff's damages based on potential contributory negligence by Plaintiff. Accordingly, Plaintiff's motion for summary judgment is denied as to Defendants' defense of contributory negligence.

### B. Act of a Third Party Beyond Defendants' Control

In negligence cases, an "inferential rebuttal" defense and instruction informs jurors "that they do not have to place blame on a party if the evidence shows that conditions beyond the party's control caused the injury in question or that the conduct of some non-party caused it." *Banks v. Columbia Hosp. at Medical City Dallas Subsidiary, L.P.*, 233 SW.3d 64, 70 (Tex. App.—Dallas 2007, pet. denied) (citing *Dillard v. Tex. Elec. Co-op.*, 157 S.W.3d 429, 432 (Tex. 2005)). However, such an instruction is only appropriate "when there is evidence that the event was proximately caused by a condition or circumstance beyond the control of any party." *Id.* (citing *Hill v. Winn Dixie Texas, Inc.*, 849 S.W.2d 802, 802 (Tex. 1992)).

In light of that standard and the facts in the record—including testimony indicating that Edmond may have changed lanes to avoid two other vehicles that were merging into his lane at high speeds (*see* docket no. 80-8 pp. 67-68, 73-78)—the Court cannot grant summary judgment in Plaintiff's favor as to Defendant's assertion of an "inferential rebuttal" defense related to the acts of a third party. At this stage, the Court cannot conclude as a matter of law that it would be

improper to instruct a jury that they may consider the acts of the merging drivers when considering whether Edmond acted negligently and/or proximately caused Plaintiff's injuries.

Thus, Plaintiff is not entitled to summary judgment with respect to Defendants' "inferential rebuttal" defense related to the actions of the other vehicles merging onto the freeway at the time of the collision.[3]

### C. New, Independent, Superseding and Intervening Cause

A new, independent, superseding and intervening cause "intervenes between the original wrong and the final injury such that the injury is attributed to the new cause rather than the first and more remote cause." *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006). The intervening force "supersedes the defendant's negligence by destroying the causal connection between the negligence and the plaintiff's injury thereby relieving the defendant of liability." *Id.* "[U]nder Texas law, a new and independent cause that extinguishes the liability of a party cannot arise out of an affirmative act of negligence by either the plaintiff or the defendant." *Biaggi v. Patrizio Restaurant Inc.*, 149 S.W.3d 300, 306 (Tex. App.—Dallas 2004, pet. denied).

Although the record contains evidence indicating the possible existence of a third-party causes of the collision—in the form of other drivers entering the freeway—the record does not support the proposition that there was a "superseding" cause that "intervened" between Edmond's alleged negligence (if any) and the collision. Although it is possible that the conduct of the other drivers *may* have contributed to the collision, the other drivers' actions did not "intervene" between Edmond's alleged negligent actions and the collision. Finally, to the extent

---

[3] To be clear, the Court has not concluded that certain of Defendants' "affirmative defenses" or "inferential rebuttal" allegations necessarily have merit such that they limit Defendants' liability. Instead, the Court merely holds that the record does not demonstrate that Plaintiff is entitled to summary judgment as to those issues at this stage.

Defendants assert that Plaintiff's own acts constitute "superseding" and "intervening" causes (*see* docket no. 80 pp 16-17), Texas law states that such an inferential rebuttal defense only applies to the acts of an outside party or agency. *See Biaggi*, 149 S.W.3d at 306. Thus, Plaintiff's own conduct is not a proper basis for Defendants "inferential rebuttal" defense of "intervening and superseding" cause.

Accordingly, summary judgment is appropriate as to Defendants' "inferential rebuttal" defense related to any "intervening" or "superseding" cause, as Defendants have not identified evidence in the record supporting such a defense or instruction.

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion to Strike (docket no. 79) is **DENIED**, and Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses (docket no. 79) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties shall mediate this case <u>on or before November 30, 2018</u>.

It is so **ORDERED**.

**SIGNED** this ____ day of October, 2018.

_____
ORLANDO L. GARCIA
Chief United States District Judge